UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SERGIO RAMIREZ GUDINO,<br><br>Defendant. | Case No. 14-CR-00303-LHK<br><br>**ORDER GRANTING SENTENCE REDUCTION**<br><br>Re: Dkt. No. 99 |

Defendant Sergio Ramirez Gudino ("Defendant") is currently in the custody of the Bureau of Prisons ("BOP") at the Reeves I & II Correctional Institution ("Reeves") in Pecos, Texas. Defendant moves for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 99. The government does not oppose Defendant's motion. *See* United States Response to Defendant's Motion for Compassionate Release at 3, ECF No. 102 ("Resp."). For the reasons set forth below, the Court GRANTS Defendant's motion for a sentence reduction.

**I.   BACKGROUND**

On August 26, 2015, at the conclusion of a bench trial before the Court, Defendant was found guilty of possession with intent to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii). *See* Minute Entry from Bench Trial at 1,

ECF No. 72; Amended Judgment at 1, ECF No. 86; Presentence Investigative Report at ¶ 2, ECF No. 75 ("PSR"). At the time of sentencing, Defendant had two prior felony convictions for manufacturing methamphetamine. *Id.* at ¶¶ 33, 34. On November 18, 2015, the Court varied downward and sentenced Defendant to 140 months in custody followed by five years of supervised release. ECF Nos. 81, 86.

On November 19, 2015, Defendant filed a notice of appeal to the Ninth Circuit. ECF No. 83. On December 7, 2016, Defendant's appeal was denied, and the final judgment of the Court was affirmed. ECF No. 95. On January 3, 2017, Defendant's petition for rehearing was denied. ECF No. 96.

Relevant to the instant motion is the fact that Defendant has served over 78 months in custody. Assuming Defendant qualifies for good time credits, Defendant's projected release date is May 31, 2024. *See* Federal Bureau of Prisons, *Find an Inmate*, https://www.bop.gov/inmateloc/ (last visited Dec. 10, 2020). Thus, Defendant has served 55% of his sentence. Assuming good time credits, Defendant has served 65% of his sentence.

## II.   LEGAL STANDARD

18 U.S.C. § 3582(c) allows a court to modify a defendant's "term of imprisonment . . . upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant." A defendant may bring a § 3582(c) motion after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons" to bring the motion on his behalf, or after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

"[A]fter considering the factors set forth in § 3553(a) to the extent applicable," a court may grant the motion to reduce the defendant's sentence in two circumstances. As relevant here, a court may reduce a defendant's sentence if it finds "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)(A). The relevant Sentencing Commission policy statement enumerates several "extraordinary and compelling reasons." U.S. Sentencing

Guidelines ("U.S.S.G") § 1B1.13(1)(A) & cmt. 1. A defendant fulfills one of the enumerated reasons when the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.* § 1B1.13 cmt. 1(A)(ii). The Commission also requires that the defendant not pose a danger to the safety of the community. *Id.* § 1B1.13(2).

### III.  DISCUSSION

In analyzing whether a defendant is entitled to a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i), courts determine whether a defendant has satisfied three requirements. First, a defendant must exhaust his administrative remedies.[1] Second, a defendant must establish that the § 3553(a) sentencing factors "are consistent with" granting a motion for a sentence reduction. *United States v. Trent*, 2020 WL 1812242, at *2 (N.D. Cal. Apr. 9, 2020). Third, a defendant must demonstrate that "extraordinary and compelling reasons"—as defined by the applicable Sentencing Commission policy statement—"warrant . . . a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).

As to the first requirement, exhaustion, the government concedes that Defendant has exhausted his administrative remedies. Resp. at 1; *see* 18 U.S.C. § 3582(c)(1)(A) (allowing a court to modify a term of imprisonment "upon motion of the defendant after . . . the lapse of 30 days from the receipt of such a request [to bring a motion on defendant's behalf] by the warden of the defendant's facility").

As a result, only the second and third requirements are at issue in the instant case. In its

---

[1] Courts disagree as to whether Section 3582's exhaustion requirement is jurisdictional and subject to equitable exceptions. *Compare United States v. Connell*, --- F. Supp. 3d ---, 2020 WL 2315858, at *2-5 (N.D. Cal. May 8, 2020) (finding "Section 3582's exhaustion provision is . . . not jurisdictional" and subject to equitable exceptions), *with United States v. Reid*, 2020 WL 1904598, at *4 (N.D. Cal. Apr. 18, 2020) ("The Court cannot forgive the failure to exhaust, and without exhaustion, the Court lacks jurisdiction over the motion [for compassionate release]."). However, the Court need not reach this issue because Defendant has exhausted his administrative remedies.

response, the government concedes that Defendant has demonstrated that extraordinary and compelling reasons warrant a sentence reduction pursuant to 18 U.S.C. §3582(c)(1)(A), and that the § 3553(a) sentencing factors are consistent with granting the motion for a sentence reduction. The government therefore does not oppose Defendant's request to reduce his sentence to one of time served   Resp. at 3.  The Court agrees.

### A. Extraordinary and Compelling Reasons

A court may reduce a defendant's sentence if it finds "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  The relevant Sentencing Commission policy statement enumerates several "extraordinary and compelling reasons."  U.S.S.G. § 1B1.13(1)(A) & cmt. 1.  As mentioned above, a defendant fulfills one of these reasons when the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."  *Id.* § 1B1.13 cmt. 1(A)(ii).  The Commission also requires that the defendant not pose a danger to the safety of the community.  *Id.* § 1B1.13(2).

In his instant motion, Defendant, who is now 44 years old, asserts that he suffers from obesity, shortness of breath, chest pains, anxiety, and mental health issues.  ECF No. 99 at 5.  The government concedes that Defendant is "morbidly obese, suffers from anxiety, and has a chronic history of tuberculosis, each [a] risk factor identified by the leading public health agencies as placing [Defendant] at increased risk for severe illness or death from COVID-19."  Resp. at 1. The government also concedes that "[it] obtained [Defendant's] medical records from the BOP," and "[t]he medical records corroborate [Defendant's] assertion that he suffers from morbid obesity, which is among the conditions identified by the CDC on its website as increasing a person's risk for developing serious illness from COVID-19."  *Id.* at 2; *see also* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medicalconditions.html.  Specifically, the CDC website states that individuals with severe obesity,

4

Case No. 14-CR-00303-LHK
ORDER GRANTING SENTENCE REDUCTION

which is defined as a BMI of greater than 40, are at increased risk of severe illness from CROVID-19. *Id.* Based on Defendant's height and reported weight as of October 2020, Defendant has a BMI of 51.2. Resp. at 2 (reported weight); PSR at ¶ 52 (reported height); *see also* https://www.cdc.gov/healthyweight/assessing/bmi/adult_bmi/english_bmi_calculator/bmi_calculator.html.

The government further concedes that Defendant's medical records corroborate that Defendant has a history of tuberculosis. Resp. at 2. The government states that "[a]ccording to the CDC, patients with chronic respiratory diseases, including TB, are at increased risk for severe illness or dying from COVID-19." *Id.*

The government also concedes that medical records from Reeves corroborate Defendant's claims about his mental health issues. *Id.* The government agrees that "[p]ersons suffering from mental health and anxiety have been identified by the World Health Organization as standing a higher risk of severe infection and even death from COVID-19." *Id.*

Finally, the government concedes that "[b]ased on the available information, there is a basis to concluded [Defendant] does not present a danger to the community." *Id.* at 1.

The government therefore does not contest that "[i]n light of these diagnoses," Defendant "presents an extraordinary and compelling reason, as required under USSG § 1B1.13 cmt. n.1(A)." *Id.* at 2–3. The Court agrees. Because of Defendant's morbid obesity, history of tuberculosis, and mental health issues, the Court finds that Defendant has demonstrated extraordinary and compelling reasons that warrant a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).

**B. Section 3553(a) Sentencing Factors**

The statute governing motions for sentence reductions, 18 U.S.C. § 3581(c)(1)(A), requires that courts also "consider[] the factors set forth in section 3553(a)." Those factors include, among other things, the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to

5

Case No. 14-CR-00303-LHK
ORDER GRANTING SENTENCE REDUCTION

criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed medical care in the most effective manner; and the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.  18 U.S.C. § 3553(a).

Here, the government concedes that it "is unaware of any factor under 18 U.S.C. § 3553(a) that counsel's [sic] against granting the request for a reduction of sentence in this instance," and that "the re-balancing of the Section 3553(a) factors warrant the Court reducing the sentence to time-served." Resp. at 3, 1.  The Court agrees.  Moreover, several § 3553(a) factors weigh in favor of granting a reduction of sentence.

First, in conducting the § 3553(a) analysis, courts must "consider . . . the need for the sentence imposed . . . to provide the defendant with needed . . . medical care . . . in the most effective manner." 18 U.S.C. § 3553(a)(2)(D).  As courts have concluded, defendants are "unlikely to be able to get the medical care [they] need[] [while imprisoned] in the midst of the pandemic." *Connell*, 2020 WL 2315858, at *6.  The Court has already discussed above how Defendant's morbid obesity, history of tuberculosis, and mental health issues constitute extraordinary and compelling reasons that warrant a sentence reduction.

Second, Defendant has served more than 78 months in custody.  Assuming good time credits, Defendant's projected release date is May 31, 2024.  *See* Federal Bureau of Prisons, *Find an Inmate*, https://www.bop.gov/inmateloc/ (last visited Dec. 10, 2020).  Thus, Defendant has served 55% of his sentence.  Assuming good time credits, Defendant has served 65% of his sentence.

Finally, Defendant will not be released to home confinement to serve the remainder of his prison term.  When Defendant's motion is granted, Defendant will be deported.  Defendant entered the United States illegally in 1994.  PSR at ¶ 45.  In 1997, Defendant was arrested and charged with illegal entry into the United States, at which point Defendant voluntarily returned to Mexico.  *Id.* at ¶ 38.  In 1999, Defendant returned to the United States and was again arrested and charged with illegal entry into the United States.  Defendant was then deported to Mexico.  *Id.* at ¶

6

Case No. 14-CR-00303-LHK
ORDER GRANTING SENTENCE REDUCTION

39. In Defendant's presentence interview with probation, Defendant reported that he was deported three times, but Defendant's PSR criminal history section does not identify three deportations. *Id.* at ¶¶ 47, 48.

Defendant reports that he returned to the United States in 2000. *Id.* Defendant now appears to be subject to an immigration detainer. *See* Resp. at 3 (noting that Defendant appears to be subject to an immigration detainer); PSR at 2 (noting Defendant's Immigration and Customs Enforcement detainer number). Thus, this Court follows other cases that have granted a sentence reduction to defendants with immigration detainers, reduced the defendants' sentences to time served, and ordered that the defendants be released to Immigration and Customs Enforcement custody for removal. *See, e.g.*, *United States v. Guntipally*, 2020 WL 6891827, at *5 (N.D. Cal. Nov. 23, 2020) (reducing sentence to time served and ordering release "into the custody of Immigration and Customs Enforcement pursuant to Defendant's detainer for removal to India."); *United States v. Juarez-Parra*, 2020 WL 5645703, at *5 (D.N.M. Sept. 22, 2020) (reducing sentence to time served and ordering release "into the custody of ICE for removal to Mexico"); *United States v. Acevedo*, 2020 WL 3182770, at *4 (S.D.N.Y. June 15, 2020) ("Defendant's application is GRANTED. Defendant shall be released into the custody of ICE for removal to Mexico."); *United States v. Bennett*, 2020 WL 2539077, at *2 (S.D.N.Y. May 18, 2020) ("Considering all of the circumstances raised by Mr. Bennett's motion, and especially that ICE will deport him forthwith upon his release, the Court is prepared to grant Mr. Bennett's motion . . . ."); *United States v. Ardila*, 2020 WL 2097736, at *2 (D. Conn. May 1, 2020) (after reducing sentence to time served and ordering release from Bureau of Prisons ("BOP") custody, stating that "[u]pon release from BOP custody [defendant] shall enter the custody of Immigration and Customs Enforcement pursuant to his underlying detainer").

Accordingly, the Court concludes that the § 3553(a) sentencing factors weigh in favor of granting Defendant's motion for a sentence reduction.

### IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's motion for a sentence

reduction.  Defendant's sentence is reduced to time served.  Defendant shall be released from the custody of the Bureau of Prisons.  Upon release from the custody of the Bureau of Prisons, Defendant shall enter the custody of Immigration and Customs Enforcement pursuant to Defendant's detainer for removal to Mexico.

**IT IS SO ORDERED.**

Dated:  December 11, 2020

_____
LUCY H. KOH
United States District Judge